RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEE JUNIUS JONES | : | DOCKET NO. 04-967 |
| VS. | : | JUDGE TRIMBLE |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Defendant's Motion for Summary Judgment" (R. #15) wherein UNUM Life Insurance Company of America (UNUM) seeks to dismiss the instant case pursuant to Rule 56 of the Federal Rules of Civil Procedure.  UNUM submits that it did not abuse its discretion when it determined that plaintiff's medical records relating to back and leg pain precluded coverage under the Policy's pre-existing condition provision,  and that Mr. Jones' medical records relating to his Echocardiogram indicated that he could return to his occupation as a Machinist as of July 9, 2003. Thus, UNUM requests that the court grant its motion for summary judgment and dismiss plaintiff's claims with prejudice.  No opposition to this motion has been filed.

## FACTUAL STATEMENT

Plaintiff, Lee Junius Jones, filed the instant suit to recover disability benefits under a group long-term disability ("LTD") policy issued to his employer, Southside Machine Works, Inc. ("Southside"). Mr. Jones first filed a claim for disability benefits on April 11, 2003 alleging he was disabled as of April 2, 2003 as a result of hurting in the center of his chest area.  Mr. Jones first

noticed the symptons on March 25, 2003.[1]  Southside submitted an undated statement via fax on or about April 28, 2003.  Mr. Jones' last day worked was April 1, 2003; his gross weekly salary was $902.50 which included $142.50 weekly overtime pay. The policy did not include payment for overtime.    The policy also expressly  excluded coverage for pre-existing conditions.

Dr. Schlamp, Mr. Jones' treating physician, submitted a statement to UNUM which indicated that Mr. Jones had "xyphoid process pain/nodule and that a bone scan was pending.  Dr. Schlamp issued restrictions of no heavy lifting, pulling, or straining. Dr. Schlamp also indicated that he expected a complete recovery and anticipated fundamental changes in his condition in 1-2 months.

UNUM approved and commenced paying Jones short-term disability ("STD") effective April 9, 2003 and continued payments for four (4) weeks, the maximum period under the STD plan.[2]  Mr. Jones' claim was re-assigned to the long-term disability ("LTD") work unit under the terms and provisions of the LTD plan.  UNUM requested more information and further conducted a telephone interview with Mr. Jones at which time Mr. Jones indicated that he could no longer work due to back pain and swelling of his legs.  He also indicated that he had seen an orthopedist about an alleged pinched nerve who suggested physical therapy and an at-home stimulator for back pain.  Mr. Jones further indicated he had not discussed a return to work program with his treating physician because they were waiting to find the cause of his condition and a treatment plan.

Subsequently, Mr. Jones called UNUM to advise he also had a heart condition and indicated that he was unable to return to work due to his heart condition, high blood pressure, and back and leg pain.

---

[1]  Mr. Jones' date of birth is August 7, 1964.

[2]  STD is not an issue in this matter.

2

UNUM's in-house physician, Richard Vatt, reviewed Mr. Jones' claim and noted that his medical records provided by Dr. Schlamp indicated that Mr. Jones had been treated  on April 29, 2002 for lower back and leg pain.  A letter from another treating physician, Dr. Williams, indicated that Mr. Jones had a past medical history from one year earlier of back pain.  A review of Mr. Jones' medical records indicated that he was treated for lower back pain and tenderness on December 17, 2001.[3] Mr. Jones' medical records further indicated that on April 29, 2002, he presented to his treating physician with lower back and leg pain.[4]

UNUM denied Mr. Jones' LTD claim relying on the policy exclusionary provision relating to pre-existing conditions for sickness or injury.  UNUM explained that since Mr. Jones' effective date of coverage was April 1, 2002, and because he had stopped working within the first 24 months after his effective date of coverage, UNUM evaluated his LTD claim under the pre-existing exclusionary provision.  This provision excludes coverage for any sickness or injury for which Mr. Jones received "medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 6 months just prior to [his] effective date of coverage; or 'he' had symptoms for which an ordinary prudent person would have consulted a health care provider in the 6 months just prior to [his] effective date of coverage. . . ."[5]

The pre-existing provision also provides that a condition of sickness or injury is pre-existing when ". . . the disability begins in the first 24 months after the effective date of coverage unless you

---

[3] UACL 00135; 00157-158.

[4] UACL 00130; 00158.

[5] UACL 00052.

3

have been treatment free for 12 consecutive months after your effective date of coverage."[6]   The policy defined "treatment free" to mean that "you have not received medical treatment, consultation, care or services including diagnostic measures, or taken prescribed drugs or medications for the pre-existing condition."[7]  The time frame for the pre-existing period was October 1, 2001 through March 31, 2002.[8] Because Mr. Jones stopped working within the first 24 months after his effective date of coverage, he had to show that he was treatment free for 12 consecutive months after his effective date of coverage; that time frame was April 1, 2002 to March 31, 2003.  UNUM determined that Mr. Jones was not treatment free for 12 consecutive months after his effect date of coverage, on April 1, 2002.

After the denial of LTD benefits, Mr. Jones requested an administrative appeal.  UNUM's treating physician, Dr. Neuren reviewed the claims and concluded that in addition to the fact that Mr. Jones was treated for back pain during the pre-existing time period, in December 2001, and was not treatment free for 12 months after the effective date of coverage, the records further indicated that Mr. Jones failed to demonstrate any objective findings that would result in impairment.[9]  By correspondence dated February 10, 2004, UNUM notified Mr. Jones, through his counsel of record, that it had completed the administrative review of his claim and had determined that the denial of benefits was appropriate.[10]  Mr. Jones now appeals that ruling.

----

[6] UACL 0052

[7] UACL 0052.

[8] UACL 00157.

[9] UACL 00177.

[10] UACL 00318-320.

4

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[12]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[13] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[14] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[15] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[16] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[17]

---

[11] Fed. R.Civ. P. 56(c).

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[13] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[14] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[15] Anderson, 477 U.S. at 249.

[16] Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[17] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[18]

## LAW AND ANALYSIS

The scope of this court's review in assessing UNUM's factual determination to deny benefits is limited to a review of the administrative record.  "Once the administrative record has been determined, the district court may not stray from it but for certain limited exceptions, . . . . Thus, the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it.[19]

An administrator's denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[20]  It is undisputed that the policy at issue vests UNUM with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of its policy in making benefit determinations.  Mr. Jones has not challenged UNUM's interpretation of any specific policy term.  Therefore, the issue before the court is of a factual nature, and the court need only look to UNUM's factual benefit decision to determine whether UNUM abused its discretion when it denied Jones' claim.

The court "owes that administrator's factual determination a deferential review."[21]  Factual

---

[18]  Anderson, 477 U.S. at 249-50.

[19]  Estate of Bratton v. Nat'l Union Fire Ins., Co., 215 F.3d 516, 521 (5th Cir. 2000).

[20]  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948 (1989).

[21]  Pierre v. Connecticut Gen. Life Ins., 932 F.2d 1552, 1558 (5th Cir. 1991).

determinations are reviewed under a discretionary standard "such as clearly erroneous discretion, arbitrary and capricious, or abuse of discretion."[22]  When applying the abuse of discretion standard to an administrator's factual determinations, the court analyzes whether the administrator acted arbitrarily or capriciously.[23]  A decision is arbitrary when made "without a rational connection between the known facts and the decision or between the facts and the evidence."[24]  A plan administrator's decision will be affirmed if it is supported by "substantial evidence."[25]  A court may not substitute its judgment for that of the plan administrator.[26]  Thus, we are only to assess whether UNUM abused its discretion by determining whether the administrative record contains some substantial evidence to support its decision to deny payment of LTD benefits.  UNUM contends that the administrative record demonstrates that UNUM clearly had a more than reasonable basis to deny Mr. Jones' claim for LTD benefits.

UNUM submits that Mr. Jones' effective date of coverage under the policy was April 1, 2002, and he stopped working on April 2, 2003. Because Mr. Jones stopped working within 24 months of his effective date of coverage, UNUM conducted an investigation into whether the policy's pre-existing condition provision precluded coverage of Mr. Jones' alleged impairment of back and leg pain. Mr. Jones medical records indicate that on December 17, 2001, he was treated for lower back pain and tenderness; this treatment occurred during the 6 months before the effective

---

[22] Id.

[23] Salley v. E.I. DuPont De Nemours, 966 F.2d 1011, 1014 (5th Cir. 1992).

[24] Lain v. UNUM Life Ins. Co. Of Amer., 279 F.3d 337, 342 (5th Cir. 2002).

[25] Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc. 168 F.3d 211, 215 (5th Cir. 1999).

[26] Marziale v. Hartford Life and Accident Ins. Co., 2002 WL 1359639 (E.D.La. 2002).

date of coverage and thus satisfied the first prong of the pre-existing condition analysis.

Mr. Jones' records also indicate that on April 29, 2002, he presented himself to his treating physician with lower back and leg pain which occurred during the first 12 months after the effective date of coverage of April 1, 2002 and therefore, satisfied the second prong of the pre-existing condition analysis, establishing that Mr. Jones was not treatment free during the first 12 months after his effective date of coverage. Thus, UNUM maintains that Mr. Jones' alleged condition of leg and back pain, as a disabling condition under the LTD plan, is precluded under the policy's exclusionary provision for pre-existing conditions. UNUM further maintains that its in-house physicians reviewed Mr. Jones' entire claim file and noted that the medical records presented normal test results and provided no support for any restrictions and limitations. Finally, while Mr. Jones' alleged cardiac condition was not considered part of the pre-existing condition, UNUM reviewed Mr. Jones' medical records and noted that no finding of clinical or functional significance was presented.[27] Specifically, the Echocardiogram dated June 3, 2003 presented normal results.[28] Thus, UNUM determined that the condition did not limit Mr. Jones from performing the material and substantial duties of his occupation as a Machinist.

As previously noted, Mr. Jones has not responded to the motion for summary judgment; thus, there has been no evidence of record relied upon by Mr. Jones or argument made to dispute UNUM's motion for summary judgment to dismiss the suit. Accordingly, the court finds that UNUM did not abuse its discretion in denying Mr. Jones' LTD benefits.

---

[27] UACL 00317.

[28] UACL 0095-96, 294.

8

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted, dismissing with prejudice, the instant lawsuit and/or all claims of Mr. Jones.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of June, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE